UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIZABETH WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-12345-LTS |
| ) | |
| PHARMERICA CORP. LONG TERM ) | |
| DISABILITY PLAN, and ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY

May 1, 2015

SOROKIN, J.

The plaintiff, Elizabeth Wilson ("Wilson"), filed a complaint seeking a declaration that she is entitled to long term disability ("LTD") benefits under an employee benefit plan sponsored and administered by her prior employer, Pharmerica Corp., which is administered and insured in part by Aetna Life Insurance Company ("Aetna"). Doc. No. 1 at ¶ 5. The defendant Pharmerica Corp. Long Term Disability Plan ("the Plan") is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* at ¶ 7. Wilson filed a motion for discovery, which included requests for documents and responses to interrogatories. Doc. Nos. 31, 32. Wilson seeks: (1) documents which relate to Aetna's adjudication of her claim; and (2) documents and responses to interrogatories which relate to Aetna's conflict of

interest, as Aetna both insures and administers claims for LTD benefits.  The defendants oppose Wilson's motion in its entirety.

> **I. Aetna's Adjudication of Wilson's Claim**

"ERISA benefit-denial cases typically are adjudicated on the record compiled before the plan administrator."  *Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009).  Federal regulations provide the baseline of documents that an administrator is required to provide in the administrative record.  Specifically, the regulations require an administrator to provide a claimant, upon request, with "all documents, records, and other information relevant to the claimant's claim for benefits."  29 C.F.R. § 2560.503-1(h)(2)(iii) (2014); *see also Glista v. Unum Life Ins. Co. of Am.*, 378 F.3d 113, 123 (1st Cir. 2004).  Documents and other information is considered "relevant" if the administrator relied upon it or if it was "submitted, considered, or generated in the course of making the benefit determination."  29 C.F.R. § 2560.503-1(m)(8)(i)-(iii) (2014).  Claimants are also entitled to statements of policy or guidance regarding the plan, whether or not the administrator relied upon the policy or guidance in making the benefit determination.  29 C.F.R. § 2560.503-1(m)(8)(iv) (2014).  Applying these rules to Wilson's requests requires Aetna to produce that portion of the instruction manual, policy manual, and internal interpretations or guidance pertaining to the Plan's twenty-four month limitation exception.  The remainder of document requests 1-2 are beyond the scope of those documents for inclusion in the administrative record.  Insofar as Wilson seeks attorney-client communications (document requests 3-4), the requests are moot as Aetna asserts that it has no responsive non-privileged documents.

## II. Aetna's Conflict of Interest in Adjudicating Long Term Disability Claims

When an entity such as Aetna both determines whether an employee is eligible for benefits under an employee benefit plan and pays these benefits out of its own pocket, "this dual role creates a conflict of interest." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). Although *Glenn* did not address discovery, the First Circuit found that "*Glenn* fairly can be read as contemplating some discovery on the issue of whether a structural conflict has morphed into an actual conflict." *Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009). The First Circuit elaborated,

> In future cases, plan administrators, aware of *Glenn*, can be expected as a matter of course to document the procedures used to prevent or mitigate the effect of structural conflicts. That information will be included in the administrative record and, thus, will be available to a reviewing court. Conflict-oriented discovery will be needed only to the extent that there are gaps in the administrative record. If, say, the plan administrator has failed to detail its procedures, discovery may be appropriate, in the district court's discretion. Otherwise, discovery normally will be limited to the clarification of ambiguities or to ensuring that the documented procedures have been followed in a particular instance.

*Id.* (footnote omitted). Aetna failed to include documents relating to the procedures used to prevent or mitigate the effect of its structural conflict.

In line with *Denmark*, district courts in the First Circuit have ordered limited discovery when other plan administrators have failed to include documents relating to conflict mitigation in the administrative record. *See, e.g.*, *Estrella v. Hartford Life & Accident Ins. Co.*, 2010 WL 4780770, at *2-3 (D. Mass. Nov. 23, 2010) (permitting depositions of reviewing physicians and defendants' Rule 30(b)(6) representatives); *McGahey v. Harvard Univ. Flexible Benefits Plan*, 260 F.R.D. 10, 12 (D. Mass. Sept. 14, 2009) (permitting discovery regarding the number of claims reviewing physicians denied and allowed); *Weed v. Prudential Ins. Co.*, 2009 WL

2835207, at *3 (D. Mass. Aug. 28, 2009) (granting the plaintiff document discovery and interrogatories).

Turning to the present case, Wilson requests leave to serve interrogatories on Aetna. Aetna shall respond to interrogatories 1 and 2. For the experts identified in interrogatory 6, Aetna shall report to Wilson the total number of evaluations each expert performed for Aetna in 2011 and 2012 and, for each year, a breakout of the number of times in which the expert concluded the insured was disabled and not disabled. Aetna shall also report the total compensation Aetna paid to MES in 2011 and explain Aetna's basis for determining how much to compensate MES in 2011. Aetna shall also explain the basis or method for compensating, in this case, the experts identified in interrogatory number 6. Finally, Aenta shall produce documents showing its procedures, if any, to prevent or to mitigate the effect of structural conflicts. Wilson's other requests for documents and interrogatories are DENIED.

As set forth above, the Motion for Discovery, Doc. No. 31, is ALLOWED IN PART AND DENIED IN PART. Aetna shall produce the additional discovery within thirty days of this Order. Briefing shall commence forty-five days after the production of this discovery. *See* Docket No. 47.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge